**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1779**

DAVID MILLER; SABRINA MILLER,

        Plaintiffs - Appellants,

    v.

TYSONS WATCH AND JEWELRY EXCHANGE; ROSE BOUCHARD; JERRY BOUCHARD; JESUS' CHEVUS, et al,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:24-cv-00637-LMB-WBP)

Submitted:  May 15, 2025                          Decided:  May 19, 2025

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

David Miller, Sabrina Miller, Appellants Pro Se.  Aaron Drew Neal, MCNAMEE HOSEA, Greenbelt, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs David and Sabrina Miller, self-represented civil litigants, seek to appeal the district court's orders granting Defendants' motion to dismiss Plaintiffs' removed civil action and denying their postjudgment motions. Defendants move to dismiss this appeal for lack of jurisdiction, asserting that the notice of appeal was not timely filed. Plaintiffs oppose dismissal.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order denying Plaintiffs' second postjudgment motion on July 11, 2024. Under the relevant computational rules, the 30-day appeal period expired on Monday, August 12, 2024. *See* Fed. R. App. P. 4(a)(1)(A), Fed. R. App. P. 26(a)(1). Plaintiffs, however, did not file their notice of appeal until it was received in the district court on August 13, one day after the appeal period expired, but within the 30-day excusable neglect period. While Plaintiffs did not request an extension of the appeal period in the notice of appeal, Plaintiffs' response in opposition to Defendants' motion to dismiss proffers a reason to excuse the untimely filing and suggests that a one-day extension is appropriate under the circumstances.

We construe Plaintiffs' response as a motion for an extension of time under Rule 4(a)(5) and remand the case to the district court for a determination of whether Plaintiffs

2

have shown excusable neglect or good cause warranting an extension of the appeal period.[*]

The record, as supplemented, will then be returned to this court for further consideration.

We defer acting on Defendants' motion to dismiss.

<em>REMANDED</em>

---

[*] Under Rule 4(a)(5), the district court may extend the time to appeal if (i) a party moves for an extension of time within 30 days of the expiration of the appeal period and (ii) shows excusable neglect or good cause.